CARMEN TIRADO DE MÉNDEZ, Plaintiff and Appellee, *v.* THE FAJARDO SUGAR CO. OF PORTO RICO, Defendant and Appellant.

No. 4462. Argued April 9, 1929.—Decided February 4, 1930.

*Jaime Sifre* and *Diego O. Marrero,* for appellant. *Arturo Aponte,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a case in which the appellant did not press for a hearing. The principal facts took place in October or November of 1927: From an order of the District Court of Humacao dated November 15, 1927, the appeal was taken.

After several extensions and hoping to settle the case, the hearing was postponed when set for the 28th of December, 1928. We finally heard the case in April, 1929, but the appellee has not aided us in the consideration of the important questions submitted.

The order complained of was as follows:

"Considering the motion of attachment presented by the complainant wherein she prays that the defendant be prohibited from granting, assigning or executing in any way the mortgage credit made between the parties by deed No. 23, executed March 11, 1925 before the notary of Fajardo, Ramón P. Rodríguez Alberty, and considering sections 2, 3 and 4 of the Act to Secure the Effectiveness of Judgments, approved on the first of March, 1902, the court orders the defendant, its officers, agents, employees and any other persons who are under its orders, to refrain from assigning, granting or executing in any way the mortgage credit, constituted by said deed No. 23, with respect to the two instalments of the principal to mature the 30th of June, 1926 and the 30th of June, 1927, cautioning the said persons that they may be punished for contempt if they disobey the present order. The complainant will give a bond in the sum of $2,000 before this order shall take effect."

It seems fairly obvious to us that, upon a theory that he has paid all that is presently owing, a mortgagor has no right to obtain an order prohibiting his creditor from executing, ceding or assigning the mortgage. In the instant case instalments of principal and interest were still owing, although, according to the complaint, they were not due. At this writing we are thoroughly convinced under the facts of the complaint that the District Court of Humacao had no power or authority to prevent the cession or transfer of the mortgage credit.

The principal controversy in this case is whether a court may by an order prohibit the mortgage creditor from executing a mortgage. The theory of the complaint is that the complainant has either paid or deposited in court all the instalments of principal and interest that are due. In anticipation of a mortgage proceeding this suit is filed. We have

had some doubts in our midst whether, when a mortgage proceeding is begun, a debtor might not have some immediate rights other than those specified under the Regulation for the Execution of the Mortgage Law, but we need not dilucidate the doubts in this opinion.

We are entirely clear that a mortgagor may not come into court and obtain an order or attachment to prevent this creditor from executing the mortgage or transferring the credit, as was attempted in this case. Nowhere in the law do we find any justification for the theory that a mortgagor, upon alleging payment of his present indebtedness, may enjoin a person alleging a claim from testing in a court the fact of such payment, or preventing the foreclosure of a mortgage if the terms of the contract have not been fulfilled.

The order appealed from will be annulled and the case remanded for further proceedings not inconsistent with this opinion.

Chief Justice del Toro and Mr. Justice Hutchison dissented.

Mr. Justice Texidor, concurring.

I concur in the opinion written by Mr. Justice Wolf in the present case. But I wish to add another ground in support of the judgment.

The complaint herein contains two averments reading as follows:

"6. That the plaintiff has paid to the defendant, through Mr. Gerardo Méndez, all the interest instalments due up to and including the 30th of June, 1927, and he has offered and tendered payment through the same channel of the instalments of the principal maturing on the 30th of June, 1926, and the 30th of June, 1927, and that the said defendant has refused to accept payment of the said instalments, and has likewise refused to issue any receipt for the interest instalments paid, or to acknowledge that the same have been paid.

"7. That the plaintiff hereby again tenders payment to the defendant of the two instalments of the principal due under the mortgage and accordingly the plaintiff makes consignation and deposit of the,

sum of $2,000 as the total amount of the said instalments and places this sum at the disposal of the said defendant."

In deciding the motion for reconsideration, the lower court said:

"In the case at bar the plaintiff alleges to have paid the interest instalments due and, in addition, she has made consignation in this court, at the disposal of the mortgagee, of the sum of $2,000, the aggregate amount of the two instalments of the principal due."

It is to be noted that the court attached a great deal of importance to the so-called "consignation" (*consignación*). In this the court erred.

In this case the existence of a consignation has not been properly alleged. A consignation, in order to be valid and effective, must comply with the following requirements: (*a*) A tender of payment and refusal without reason to accept it; (*b*) previous notice of the consignation; (*c*) delivery to the court of the thing due; (*d*) notification of the deposit to the persons interested.

It is alleged that tender of payment of the instalments due has been made to the creditor but the said creditor has refused to accept the same; and that the plaintiff by the complaint "again tenders payment" to the defendant and "accordingly consigns and deposits . . . ." This conclusion of the plaintiff 's erroneous, and so is that reached by the court. The following necessary elements of a consignation, which have not been alleged, are lacking: That the creditor refuses, *without reason,* to accept the payment; that previous notice of the consignation has been given to said creditor, and that the latter has been notified of the deposit in court.

Sections 1144, 1145 and 1146 of the Civil Code of Porto Rico are perfectly clear. They set forth the requirements of the consignation and prescribe that the consignation shall have no effect unless strictly in accordance with the provisions governing payment. As regards our jurisprudence, the decision in *García* v. *Fernández,* 8 P.R.R. 102, is quite def-

inite. According to it, consignation is only effective when it conforms to the requirements of the Civil Code; namely, tender of payment, notice of an intention to make the consigna- tion, actual deposit and notification thereof.

If in the present case a consignation had been properly made, the action perhaps would not have been instituted, since a consignation duly made releases the obligee in accordance with section 1148 of our Civil Code, the first paragraph of which reads as follows:

"After the consignation has been duly made the debtor may petition the court or judge to order the cancellation of the obligation.'

What occurred in this case is that it was sought to substitute a mere deposit in court for the consignation and this is not in accordance with the law.